UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JONES,<br><br>      Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a government entity, SAN DIEGO POLICE DEPARTMENT, a government entity, CITY OF SAN DIEGO, a government entity, ALPINE SHERIFF'S DEPARTMENT, a government entity and DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No.: 20CV1989-GPC(DEB)<br><br>**ORDER GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS THE FAC WITH LEAVE TO AMEND AND DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>[Dkt. No. 8.] |

  Before the Court is Defendant County of San Diego's motion to dismiss the first amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and motion to strike under Rule 12(f).[1]  (Dkt. No. 8.) Plaintiff filed an opposition.  (Dkt. No. 15.)  Defendant filed a reply.  (Dkt. No. 16.) Based on the reasoning below, the Court GRANTS Defendant's motion to dismiss with leave to amend and DENIES Defendant's motion to strike.

---

[1] Defendant's motion also lists Rule 12(e) as a basis for its motion but presents no argument in support.

1

**Background**

On October 8, 2020, Plaintiff Kenneth Jones ("Plaintiff") filed a "42 U.S.C. § 1983 civil rights complaint" but alleged state law claims of negligence, assault, battery, vicarious liability under California Government Code section 815.2, negligent infliction of emotional distress and intentional infliction of emotional distress against the County of San Diego, San Diego Police Department, City of San Diego and Alpine Sheriff's Department. (Dkt. No. 1, Compl.) After the Court issued an order to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction, Plaintiff filed the operative first amended complaint ("FAC") against the same defendants. (Dkt. Nos. 3, 4.) The FAC alleges race discrimination under 42 U.S.C. § 1983 and 42 U.S.C. § 2000(d). (Dkt. No. 4, FAC ¶¶ 48-65.) It also alleges state law claims of negligence, assault, battery, vicarious liability under California Government Code section 815.2, negligent infliction of emotional distress, and intentional infliction of emotional distress. (*Id.* ¶¶ 66-163.) On August 12, 2021, Defendants City of San Diego and San Diego Police Department were dismissed pursuant to a joint motion. (Dkt. Nos. 11, 13.)

According to the FAC, Plaintiff, an African-American male, is a resident of Los Angeles, California. (Dkt. No. 4, FAC ¶¶ 15, 24.) In March 2018, Plaintiff was at Viejas Casino and was granted permission to drive his brother's girlfriend's 2017 Dodge Challenger. (*Id.* ¶ 28.) Eight or nine of Defendant County of San Diego's officers, who were all Caucasian, refused "to believe [Plaintiff's] assertion regarding the vehicle" and immediately "engaged in violent arresting procedures." (*Id.* ¶¶ 25, 29, 30.) Plaintiff pulled into the Viejas Casino parking lot, he put his hands out the window, and with permission unlocked the door with his left hand. (*Id.* ¶ 32.) He then exited the vehicle with both hands raised walking backward away from the vehicle. (*Id.* ¶ 33.) He complied and went down to his knees on the ground. (*Id.* ¶ 34.) Initially, the eight or nine Caucasian officers aggressively twisted Plaintiff's wrists to handcuff him. (*Id.* ¶¶ 35, 36.) Once handcuffed, the officers started to aggressively and repeatedly beat, kick, and punch Plaintiff. (*Id.* ¶ 37.) One officer kicked Plaintiff in the eye causing severe

2

20CV1989-GPC(DEB)

1  injury.  (*Id.* ¶ 38.)  After the beating, one officer smirked telling Plaintiff to file a
2  complaint "as if absolved for committing these violent, inhumane and purely
3  discriminatory acts."  (*Id.* ¶ 39.)  After being arrested, the charges for the stolen vehicle
4  were dropped.  (*Id.* ¶ 41.)  Plaintiff asserts that it was clear that the beating was due to his
5  race.  (*Id.* ¶ 44.)

6  Plaintiff alleges he filed a claim with Defendant pursuant to California
7  Government Code section 911.2 but the claim was denied.  (*Id.* ¶ 8.)  He then filed the
8  complaint in this Court.  (Dkt. No. 1, Compl.)

9  Defendant County of San Diego moves to dismiss the FAC arguing that the claims
10 are barred by the statute of limitations and the claims fail to state a claim.  (Dkt. No. 8.)
11 Plaintiff responded and Defendant replied.  (Dkt. Nos. 15, 16.)

## Discussion

### A. Legal Standard as to Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See DeSoto,* 957 F.2d at 658; *Schreiber,* 806 F.2d at 1401.

**B.     Federal Rule of Civil Procedure 12(f)**

Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* 510 U.S. 517 (1994)).

**C.     42 U.S.C. § 1983 - Statute of Limitations**

Defendant argues the 42 U.S.C. § 1983 ("§ 1983") claim for race discrimination is barred by the two-year statute of limitations because the alleged incident occurred in March 2018 and the complaint was not filed until October 8, 2020. (Dkt. No. 8-1 at 11-12.) Plaintiff does not dispute that his claims are time barred but argues he is entitled to equitable tolling because he was incarcerated on another matter from May 2018 – July

2020 and suffered a stroke while imprisoned in June 2018.  (Dkt. No. 15 at 12-16.)  He also contends that he promptly filed his complaint three months after he was released from prison.  (*Id.* at 14.)

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citation omitted); *see also Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994).  The statute of limitations for personal injury actions under California law is two years.  *See* Cal. Code Civ. P. § 335.1; *see also Jones*, 393 F.3d at 927.

Although state statute of limitations and tolling principles apply, federal law determines when a cause of action accrues for a § 1983 claim.  *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).  Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir. 1996).  Thus, "[a]n action ordinarily accrues on the date of the injury." *Id.* Here, Plaintiff's claims accrued on the date of the alleged attack in March 2018.[2]  (Dkt. No. 4, FAC ¶ 27.)  Therefore, because the complaint was not filed until October 8, 2020, his complaint is untimely.  Plaintiff agrees that his complaint is untimely but equitable tolling applies to his case.  (Dkt. No. 15 at 12-13.)

Equitable tolling is a judge-made doctrine that permits tolling of the limitations period "to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice."  *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 270 (2003). "Application of California's equitable tolling doctrine requires a balancing of the injustice

---

[2] While Plaintiff maintains that the two-year statute of limitation applies to his § 1983 claim, he incorrectly states that March 2020 is the accrual date.  (Dkt. No. 15 at 14.)  It appears that Plaintiff misstates the expiration of the statute of limitation, March 2020, as the accrual date.

5

to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute." *Jones,* 393 F.3d at 928 (internal quotations omitted).

Under California law, a party claiming equitable tolling must show: "first, that the plaintiff gave timely notice to the defendant of the plaintiff's claim; second, that the resultant delay did not cause prejudice to the defendant's position; and third, that the plaintiff acted reasonably and in good faith." *Ervin v. Los Angeles Cnty*., 84 F.3d 1018, 1019 (9th Cir.1988) (citing *Addison v. State of Cal*., 21 Cal. 3d 313, 319 (1978) ("application of the doctrine of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff.")). "[T]he effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded." *Lantzy*, 31 Cal. 4th at 370.

The FAC alleges equitable tolling should apply to make his complaint timely because he was released from incarceration in July 2020 and being incarcerated prevented him from filing a suit.  (Dkt. No. 4, FAC ¶ 9.)  In his opposition, Petitioner further explains that he was incarcerated on another matter in May 2018 in Riverside County until July 2020.  (Dkt. No. 15 at 14.)  Moreover, while incarcerated, in June 2018, he suffered a severe stroke requiring hospitalization until August 2018.   (*Id.* at 14.)  Thereafter, Plaintiff was wheelchair bound and also suffered severe mental damage.  (*Id.*)  Petitioner argues he is entitled to equitable tolling during his period of incarceration and during the time surrounding his stroke and rehabilitation.

To the extent that Plaintiff claims that equitable tolling applies to the period he was incarcerated from May 2018 - July 2020, it appears that he may be relying on tolling for imprisonment under California Code of Civil Procedure section 352.1 applies.[3]  Section

---

[3] In support, Plaintiff cites to a California state court website stating that tolling "may happen when defendant is a minor, is out of state or in prison, or is insane", (Dkt. No. 15 at 15), however, Plaintiff

352.1 provides a two-year tolling of the statute of limitations to persons incarcerated, a recognized disability, at the time the claim accrues.

> If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge . . . for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Civ. Proc. § 352.1.  Under this section, Plaintiff must allege he was incarcerated when his claims accrued.  *See Groce v. Claudat*, 603 F. App'x 581, 582 (9th Cir. 2015) ("The district court correctly determined that all of [the plaintiff's] claims ... were time-barred because [the plaintiff] was not incarcerated when his claims accrued."); *see also Wilkins v. Vancott*, No. 17-CV-00340-YGR (PR), 2018 WL 3763316, at *3 (N.D. Cal. Aug. 7, 2018) ("Tolling under section 352.1 is triggered by the plaintiff's arrest and incarceration."); *Briceno v. Williams*, Case No.: 16cv1665-JAH (AGS), 2018 WL 6040688, at *2 (S.D. Cal. Nov. 19, 2018) ("In order to trigger § 352.1 tolling, a plaintiff must be imprisoned 'at the time the cause of action accrued.'").

In this case, FAC does not allege he was incarcerated at the time of the incident.  In his opposition, he explains that he was incarcerated two months after the incident.  As such, section 352.1 is inapplicable.  Therefore, because the FAC only seeks equitable tolling based on imprisonment tolling, the Court GRANTS Defendant's motion to dismiss the § 1983 claim as time barred.

However, facts raised in the opposition, not raised in the FAC, concerning the stroke he suffered in June 2018 and subsequent rehabilitation, may allege entitlement to equitable tolling.  *Cf. Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (physical and mental disabilities did not provide for equitable tolling because they did not

---

does not cite to the specific provision of the statute to support this assertion on the state court's website. Therefore, the Court construes his argument as seeking tolling under section 352.1 of the California Code of Civil Procedure.

prevent the prisoner from meeting other filing deadlines).  Therefore, the Court GRANTS Plaintiff leave to file a second amended complaint ("SAC").

The Court also notes that even if Plaintiff had sufficiently alleged equitable tolling, on a Rule 12(b)(6) motion, the "sole issue is whether the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993) (test for equitable tolling "requires reference to matters outside the pleadings, and is not generally amenable to resolution on a Rule 12(b)(6) motion, where review is limited to the complaint alone.").  Thus, "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  In this case, if equitable tolling had been adequately alleged, on a Rule 12(b)(6) motion, the Court would not be in a position to make factual determinations on whether equitable tolling applies.

**D.     First Cause of Action - *Monell* Claim**

Even if not time barred, Defendant County of San Diego additionally argues that the § 1983 claim fails to allege facts to support a *Monell* claim against it because the FAC fails to allege the plausible existence of a policy, custom or practice that caused the constitutional violation. (Dkt. No. 8-1 at 20-22.)  Plaintiff argues he has sufficiently alleged a *Monell* claim.  (Dkt. No. 15 at 21-22.)

The FAC solely alleges a § 1983 claim solely against municipal entities, the County of San Diego and the Alpine Sheriff's Department.[4]  (Dkt. No. 4, FAC ¶¶ 48-65.) Cities, counties and other local government entities are subject to claims under 42 U.S.C. § 1983.  *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978).

---

[4] Alpine Sheriff's Department has not yet appeared in the case.

1   While municipalities, their agencies and their supervisory personnel cannot be held liable
2   under § 1983 on any theory of respondeat superior or vicarious liability, they can,
3   however, be held liable for deprivations of constitutional rights resulting from their
4   formal policies or customs.  *Id.* at 691-93.  Liability only attaches where the municipality
5   itself causes the constitutional violation through "execution of a government's policy or
6   custom, whether made by its lawmakers or by those whose edicts or acts may fairly be
7   said to represent official policy." *Id.* at 694.
8          To prevail, a plaintiff must prove "(1) [the plaintiff] had a constitutional right of
9   which he was deprived; (2) the municipality had a policy; (3) the policy amounts to
10  deliberate indifference to his constitutional right; and (4) 'the policy is the moving force
11  behind the constitutional violation.'"  *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th
12  Cir. 2021) (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).  The
13  "failure to train may amount to a policy of 'deliberate indifference,' if the need to train
14  was obvious and the failure to do so made a violation of constitutional rights likely."
15  *Dougherty*, 654 F.3d at 900 (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)).  In
16  addition, "a failure to supervise that is 'sufficiently inadequate' may amount to
17  'deliberate indifference.'"  *Id.* (citing *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235
18  (9th Cir. 1989).  For purposes of surviving a Rule 12(b)(6) challenge based on an
19  unconstitutional policy or custom, a plaintiff must "(1) identify the challenged
20  policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the
21  policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted
22  to deliberate indifference, i.e. show how the deficiency involved was obvious and the
23  constitutional injury was likely to occur." *Young v. City of Visalia*, 687 F. Supp. 2d 1155,
24  1163 (E.D. Cal. 2010) (citations omitted).
25         In this case, the FAC fails to allege any specific custom or policy that is
26  unconstitutional and summarily states that Plaintiff was subject to "adverse policies".
27  (Dkt. No. 4, FAC ¶ 55.)   In opposition, Plaintiff fails to identify what allegations in the
28  FAC support his argument that he alleged a custom or policy and merely maintains that

the County has a policy that "police officers can use force against a potential criminal" and its "policy granting the use of force allowed Defendant County and its police officers to use said for excessively which is a common issue with Defendant County. . . ."[5] (Dkt. No. 15 at 22.) Even if these arguments were alleged in the FAC, they are conclusory and do not satisfy the pleading standard for a *Monell* claim. Accordingly, the Court additionally GRANTS Defendant County of San Diego's motion to dismiss the first cause of action under *Monell*.

### E. State Law Claims

#### 1. Government Claims Act

Defendant argues that all state law claims should be dismissed because the FAC does not allege that Plaintiff complied with the Government Claims Act. (Dkt. No. 8-1 at 16.) Defendant further contends that the state law claims are time barred because they were not filed within two years of accrual or six months of claim rejection under section 945.6. (Dkt. No. 8-1 at 12-13.) Plaintiff disagrees arguing that equitable tolling applies to his state law claims. (Dkt. No. 15 at 17-18.)

Under California's pleading standard against a public entity under the Government Claims Act, "a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint . . . fail[s] to state facts sufficient to constitute a cause of action." *State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1243 (2004); *Robinson v. Alameda Cnty.*, 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012).

Here, the FAC summarily alleges that he filed a claim as required by section 911.2 but his claim was denied. (Dkt. No. 4, FAC ¶ 8.) This summary allegation does not

---

[5] In support of a policy or custom, Plaintiff cites to Exhibit 3 attached to his opposition which is an article entitled "County Supervisors approved almost $2 million in damages so far this year." (Dkt. No. 15 at 58-65.) However, on a motion to dismiss, the Court is limited to review of the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, the Court declines to consider this article to support a custom or policy of the County on a Rule 12(b)(6) motion.

sufficiently assert compliance with the claim presentment procedure that sets out specific deadlines. In the FAC, Plaintiff fails to provide any specifics dates as to his claim history in order for the Court to determine whether he has alleged compliance with the Government Claims Act.[6] Accordingly, the Court GRANTS Defendant's motion to dismiss for failing to allege compliance with the Government Claims Act.[7]

Even though the Court grants dismissal of the state law claims for not properly alleging compliance with the Government Claims Act, the Court considers the County's additional argument seeking to dismiss the state law claims in order to provide Plaintiff with guidance when he files his second amended complaint.

### 2. Failure to Allege State Law Claims

The County moves to dismiss the state law claims for negligence, assault, battery, negligent infliction of emotional distress and intentional infliction of emotional distress because it is immune from direct liability of common law torts under California Government Code section 815. (Dkt. No. 8-1 at 17-19.) Plaintiff responds that the County is vicariously liable for the state law claims but agrees to dismiss the negligent infliction of emotional distress claim. (Dkt. No. 15 at 19-21.) Accordingly, the Court additionally GRANTS dismissal of the cause of action for negligent infliction of emotional distress as unopposed. (*Id.* at 19.)

In his FAC, Plaintiff relies on Government Code section 815.2(a) to support the County's liability on the second cause of action for negligence, third cause of action for

---

[6] In opposition, Plaintiff provides specific facts to explain the history of his claim presentation to the County but they are not alleged in the FAC.

[7] Defendant also maintains that the state law claims are time barred because they were not filed within two years of accrual or six months of claim rejection under Government Code section 945.6. (Dkt. No. 8-1 at 12-13.) In support, Defendant relies on Plaintiff's late government claim presented to the County and the County's denial, which are documents outside the FAC. (Dkt. No. 8-3, Osborn Decl.) On a Rule 12(b)(6) motion, a court cannot consider materials outside the complaint. *See Harrell v. City of Gilroy*, Case No. 17-CV-05204-LHK, 2018 WL 3845862, at *12 (N.D. Cal. Aug. 13, 2018) ("consideration of non-judicially noticeable facts outside the complaint is improper"). Therefore, the Court notes that Defendant's reliance on these documents is not proper.

assault and fourth cause of action for battery but not for the claim for intentional infliction of emotional distress. (Dkt. No. 4, FAC ¶¶ 78, 94, 112.)

The California Tort Claims Act ("CTCA") provides the exclusive scope of tort liability for government entities and employees. Cal. Gov't Code § 810, *et seq.* The CTCA abolished common law governmental tort liability. *Becerra v. Cnty. of Santa Cruz,* 68 Cal. App. 4th 1450, 1457 (1998). Thus, "in the absence of some constitutional requirement, public entities may be liable *only* if a statute declares them to be liable." *Id.* (emphasis in original); *see also* Cal. Gov't Code § 815[8]*; Michael J. v. Los Angeles Cnty. Dept. of Adoptions*, 201 Cal. App. 3d 859, 866 (1988) ("Under the Act, governmental tort liability must be based on statute; all common law or judicially declared forms of tort liability, except as may be required by state or federal Constitution, were abolished"); *Miklosy v. Regents of Univ. of Cal.,* 44 Cal. 4th 876, 899 (2008) ("section 815 abolishes common law tort liability for public entities").

To the extent the FAC alleges a number of state claims asserting direct liability against the County, they must be dismissed. However, California Government Code section 815.2 "makes a public entity vicariously liable for its employee's negligent acts or omissions within the scope of employment." *Eastburn v. Regional Fire Protection Auth.*, 31 Cal. 4th 1175, 1180 (2003); *see also Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 393 (9th Cir. 2014) (public entitles are liable for the actions of their employees) (citing California Government Code section 815.2(a)). Further, if the employees are immune from liability, the public entitles are also immune. *Rivera*, 745 F.3d at 393 (citing California Government Code section 815.2(b)).

On the causes of action for negligence, assault and battery, the FAC alleges vicarious liability against the County under Government Code section 815.2. (Dkt. No.

---

[8] A public entity is not liable under state law "for an injury, whether such injury arises out of an act or omission of the public entity or public employee or any other person" except "as otherwise provided by statute." Cal. Gov't Code § 815(a).

4, FAC ¶¶ 78, 94, 112.) Here, if the state law claims had not been dismissed for failing to allege compliance with the Government Claims Act, the Court would deny Defendant's motion to dismiss the second, third and fourth causes of action against the County for the claims which are premised on vicarious liability. *See D.V. v. City of Sunnyvale*, 65 F. Supp. 3d 782 (N.D. Cal. 2014) (entity was "therefore vicariously liable for any assault and battery or negligence by its officers"); *Rojas v. Sonoma Cnty.*, No. C–11–1358 EMC, 2011 WL 5024551, at *6 (N.D. Cal. Oct. 21, 2011) (denying County's motion to dismiss assault and battery, false arrest/imprisonment, and intentional and negligent infliction for emotional distress where county could be held liable under vicarious liability).

However, as to the seventh cause of action for intentional infliction of emotional distress claim ("IIED"), the FAC does not assert vicarious liability against the County; therefore, in addition to granting dismissal of the seventh cause of action for failing to comply with the Government Claims Act, the Court also GRANTS dismissal of the seventh claim because Plaintiff has not alleged a statutory basis for the claim.

**F.     Motion to Strike Punitive Damages**

Defendant further moves, under Rule 12(f), to strike the prayer for punitive damages because they are not recoverable against a public entity under state law and under § 1983. (Dkt. No. 8-1 at 23.) Plaintiff disagrees. (Dkt. No. 15 at 23-24.)

In *Whittlestone, Inc.*, the Ninth Circuit held that a Rule 12(f) motion to strike is not the procedural means to attack a punitive damages prayer on the grounds that it is precluded as a matter of law. *Whittlestone, Inc.*, 618 F.3d at 974-75. The court explained that these arguments were "better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Id.* at 974. Therefore, under *Whittlestone*, Defendant's motion to strike punitive damages as legally barred is improper under Rule 12(f), but the Court considers its argument under a Rule 12(b)(6) motion.

Here, the FAC generally seeks punitive damages. Defendant's argument is correct that it is immune from punitive damages under § 1983 and California state law. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("a municipality is immune

1  from punitive damages under 42 U.S.C. § 1983"); Cal. Gov't Code § 818
2  ("Notwithstanding any other provision of law, a public entity is not liable for damages
3  awarded under Section 3294 of the Civil Code or other damages imposed primarily for
4  the sake of example and by way of punishing the defendant.").  Accordingly, the Court
5  also GRANTS Defendant's motion to dismiss the punitive damages claim against the
6  County with prejudice.

### G.    Motion to Strike Defendant Alpine Sheriff's Department

Defendant County of San Diego also seeks to strike the Alpine Sheriff's Department as a redundant defendant because it is a subsidiary of the County and is not a separate entity subject to suit.  (Dkt. No. 8-1 at 23.)  Plaintiff responds that if the Court strikes the allegations against the Alpine Sheriff's Department, then all relevant allegations about the brutality Plaintiff suffered would be removed and he would not be able to obtain relief.  (Dkt. No. 15 at 25.)  In reply, Defendant argues that Plaintiff misunderstands Defendant's motion to strike which is not directed at material allegations, but at a named defendant.   (Dkt. No. 16 at 8.)

The Alpine Sheriff's Department does not exist as an entity.  Instead, the San Diego County Sheriff's Department includes an Alpine substation.  *See* https://www.sdsheriff.gov/bureaus/law-enforcement-services-bureau/patrol-stations. Therefore, Plaintiff appears to have misnamed the San Diego County Sheriff's Department as the Alpine Sheriff's Department.  Moreover, it appears that Defendant is contending that the San Diego County Sheriff's Department is not a suable entity.

The Ninth Circuit has held that a Sheriff's Department is a separately suable entity, separate from the County, and subject to suit in a § 1983 case.  *Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 566 (9th Cir. 2001) (Los Angeles Sheriff's Department is a separately suable entity); *see also C.B. v. Moreno Valley Unified Sch. Dist.*, -- F. Supp. 3d --. 2021 WL 2644101, at *5 (C.D. Cal. June 17, 2021) (citation omitted) (denying County's motion to dismiss Sheriff's Department as redundant).  Accordingly, to the extent that Plaintiff seeks to name the San Diego County Sheriff's Department as a

defendant, the Court DENIES the County's motion to dismiss because a Sheriff's Department is a separate suable entity.[9]

### H. Leave to Amend

In the event the Court grants dismissal of the FAC, Plaintiff requests leave of Court to file a second amended complaint ("SAC"). (Dkt. No. 15 at 27-28.) Because the Court grants Defendant's motion to dismiss, and the allegations in the FAC are not futile, the Court GRANTS Plaintiff's request to file a SAC to cure the deficiencies noted in the order. *See DeSoto,* 957 F.2d at 658; *Schreiber,* 806 F.2d at 1401.

### Conclusion

Based on the above, the Court GRANTS Defendant's motion to dismiss the FAC with leave to amend and DENIES Defendant's motion to strike the Sheriff's Department as a defendant. Plaintiff shall file a SAC within 14 days of the filed date of this order. The hearing set on October 1, 2021 shall be **vacated**.

IT IS SO ORDERED.

Dated: September 28, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[9] Despite the binding ruling in *Streit*, district courts in this circuit have concluded that municipal subsidiaries such as a police department or sheriff's departments are not "persons" under § 1983. *See Estate of Osuna v. Cnty. of Stanislaus,* 392 F. Supp. 3d 1162, 1171 n.2 (E.D. Cal. 2018) (acknowledging that numerous districts have ruled that sheriff's department and police departments are not "persons" within the meaning of § 1983).