UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JONES<br><br>         Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a government entity, SAN DIEGO POLICE DEPARTMENT, a government entity, CITY OF SAN DIEGO, a government entity, ALPINE SHERIFF'S DEPARTMENT, a government entity and DOES 1 through 50, inclusive,<br><br>         Defendants. | Case No.: 20CV1989-GPC(DEB)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PAST THE COURT ORDERED DEADLINE**<br><br>[Dkt. No. 20.] |

Plaintiff filed an *ex parte* application for leave to file second amended complaint past the Court ordered deadline of October 13, 2021. (Dkt. No. 20.) He claims that he missed the filing deadline due to inadvertence and excusable neglect. (*Id.*) Defendant County of San Diego filed an opposition arguing Plaintiff's attorney's failure to read the Court's order does not constitute excusable neglect. (Dkt. No. 21.)

**Background**

On September 29, 2021, the Court granted Defendant County of San Diego's motion to dismiss the first amended complaint with leave to amend and directed that

Plaintiff file a second amended complaint ("SAC") within fourteen days of the order. (Dkt. No. 17.)  On October 28, 2021, Plaintiff filed a SAC which was rejected by the Court on discrepancy because the SAC was not timely.  (Dkt. Nos. 18, 19.)  On November 6, 2021, Plaintiff filed the instant ex parte motion for leave to file a late SAC and Defendant filed its opposition.  (Dkt. No. 21.)

## Discussion

Federal Rule of Civil Procedure ("Rule") 6(b) permits a court, at its discretion, to accept a late filing when the movant's failure to meet the deadline was the result of excusable neglect.  Fed. R. Civ. P. 6(b) ("[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect.").  "This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010) (citations, internal quotation marks, and modifications omitted).  A "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United STates Postal Serv*., 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs*., 507 U.S. at 392.

Here, the delay was about two weeks which is not a lengthy delay.  Defendant argues it has suffered prejudice due to Plaintiff's years long delay in filing this case; however, it fails to articulate prejudice from a two-week delay.  Defendant also does not allege that Plaintiff has acted in bad faith.  Finally, Plaintiff's counsel states the filing was

late due to excusable neglect because he and his staff failed to read the last paragraph of the Court's order and presumed the response date was 30 days instead of 14 days as stated in the Court's order. (Dkt. No. 20 at 14.) While the Court does not condone counsel's failure to read and comply with its order, it is mindful of the general purpose of the Federal Rules in seeing that cases are tried on the merits. Accordingly, the Court GRANTS Plaintiff's *ex parte* request for leave to file a second amended complaint. Plaintiff shall file the second amended complaint within two (2) days of this order.

The Court admonishes Plaintiff and his counsel that they **MUST** comply with the applicable Federal Rules of Civil Procedure, Southern District of California's Local Civil Rules, the undersigned chambers rules as well as all court orders.

IT IS SO ORDERED.

Dated: November 9, 2021

Hon. Gonzalo P. Curiel
United States District Judge