UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JONES<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a government entity, SAN DIEGO POLICE DEPARTMENT, a government entity, CITY OF SAN DIEGO, a government entity, ALPINE SHERIFF'S DEPARTMENT, a government entity and DOES 1 through 50, inclusive,<br><br>                              Defendants. | Case No.: 20CV1989-GPC(DEB)<br><br>**ORDER DISSOLVING ORDER TO SHOW CAUSE; VACATING HEARING DATE; AND SETTING BRIEFING SCHEDULE ON COUNTY OF SAN DIEGO'S MOTION TO DISMISS** |

On January 7, 2022, the Court issued an order to show cause why Defendant County of San Diego's motion to dismiss should not be granted as unopposed. (Dkt. No. 29.) On January 11, 2022, Plaintiff filed a response. (Dkt. No. 30.)

On November 22, 2021, Defendant County of San Diego filed a motion to dismiss and pursuant to the Court's briefing schedule, Plaintiff's opposition was due on or before December 17, 2021. (Dkt. Nos. 24, 25.) On December 22, 2021, Plaintiff filed a late opposition without seeking leave of Court to file it late. (Dkt. No. 26.) On December 23, 2021, County of San Diego objected to the late opposition. (Dkt. No. 27.) On December

28, 2021, the Court rejected Plaintiff's opposition for failing to seek leave of court demonstrating good cause to file it late.  (Dkt. No. 28.)  Because Plaintiff did not subsequently attempt to seek leave to file a late opposition, the Court issued the instant order to show cause.

Federal Rule of Civil Procedure ("Rule") 6(b) permits a court, at its discretion, to accept a late filing when the movant's failure to meet the deadline was the result of excusable neglect.  Fed. R. Civ. P. 6(b) ("[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect.").  "This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010) (citations, internal quotation marks, and modifications omitted).  A "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United STates Postal Serv*., 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs*., 507 U.S. at 392.

In Plaintiff's response, counsel admits he filed his opposition late but it was unintentional and was due to the mistake and error of his office staff who presumed that the opposition was to be filed under the time frame provided in this district's Civil Local

Rules which is twenty-one day prior to the hearing.[1]  (Dkt. No. 30 at 6.)  Under the Local Rule, counsel claims the opposition would have been timely.  Plaintiff's counsel explains that he and his staff were not aware of the December 17, 2021 filing deadline because his staff failed to read the Court's order setting briefing schedule.  Therefore, counsel claims that the late filing is due to excusable neglect of his staff.

The Court now considers the *Pioneer* factors.[2]  In this case, the delay was five days.  While not lengthy, it limited the time for Defendant to file a reply.  There does not appear to be prejudice to Defendant from a delay in filing an opposition.  The Court also does not see any bad faith in counsel filing the opposition late.  However, the Court notes that this is not the first time Plaintiff has filed a late pleading without leave of court.  Previously, when it ruled on Defendant County of San Diego's motion to dismiss, the Court set a deadline for Plaintiff to file a second amended complaint but Plaintiff filed it two weeks late.  (Dkt. Nos. 17, 18.)  The Court rejected the filing as untimely.  (Dkt. No. 19.)  Subsequently, Plaintiff filed an ex parte motion for leave to file a late second amended complaint.  (Dkt. No. 20.)  In that ex parte motion, Plaintiff explained that the late filing was due to his counsel and his staff failing to read the last paragraph of the Court's order and presumed the response date was 30 days instead of 14 days.  (*Id.* at 14.)  On November 9, 2021, the Court granted Plaintiff's ex parte motion based on the *Pioneer* factors but noted that the Court did not condone counsel's failure to read the Court's order.  (Dkt. No. 22 at 3.)  The Court also stated it "admonishes Plaintiff and his counsel that they **MUST** comply with the applicable Federal Rules of Civil Procedure, Southern

---

[1] Under the Civil Local Rules, an opposition to a motion is to be filed fourteen days prior to the noticed hearing.  Civ. Local R. 7.1.e.2.  In the response, Plaintiff incorrect states that the opposition is due 21 days prior to the hearing.  (Dkt. No. 30 at 6.)

[2] Plaintiff improperly relies on California law to support this late filing. Federal law applies to procedural issues.  *See Hubbard v. Genuine Parts Co.*, No. 03 CV 00196 J JAH, 2003 WL 24219646 at *2 (S.D. Cal. May 1, 2003) ("The Federal Rules of Civil Procedure govern procedural issues in federal question jurisdiction cases.").

District of California's Local Civil Rules, the undersigned chambers rules as well as all court orders." (*Id.*)

In this instance, despite the Court's admonishment, Plaintiff's counsel again failed to read the Court's order setting the deadlines for briefing on the County's motion to dismiss and presumed the Civil Local Rules applied.  Notwithstanding Plaintiff's counsel's error, the Court will grant Plaintiff's counsel **one final opportunity** to file late based on counsel's failure to read and comply with the Court's orders.  Moreover, Plaintiff's counsel **must** comply with the Federal Rules of Civil Procedure, the Southern District of California's Local Civil Rules, and the undersigned chambers' rules.

Accordingly, the Court DISSOLVES the order to show cause.  The Court ORDERS that Plaintiff file his opposition on or before **January 14, 2022.**  The County of San Diego may file a reply on or before **January 28, 2022**.  The Court VACATES the hearing set on January 14, 2022 and RESCHEDULES the hearing to **March 25, 2022 at 1:30 p.m.** in Courtroom 2D.  The Court also DENIES Plaintiff's ex parte motion for leave to file a late opposition as moot, (Dkt. No. 33).

IT IS SO ORDERED.

Dated:  January 13, 2022

Hon. Gonzalo P. Curiel
United States District Judge