1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  KENNETH JONES | Case No.:  20CV1989-GPC(DEB) |
| 12                              Plaintiff, | **ORDER GRANTING DEFENDANT** |
| 13  v. | **COUNTY OF SAN DIEGO'S** |
| 14  COUNTY OF SAN DIEGO, a | **MOTION TO DISMISS THE** |
| 15  government entity, SAN DIEGO POLICE | **SECOND AMENDED COMPLAINT** |
|     DEPARTMENT, a government entity, | **WITH LEAVE TO AMEND** |
| 16  CITY OF SAN DIEGO, a government | |
|     entity, ALPINE SHERIFF'S | **[Dkt. No. 24.]** |
| 17  DEPARTMENT, a government entity and | |
| 18  DOES 1 through 50, inclusive, | |
| 19                              Defendants. | |

20
21          Before the Court is Defendant County of San Diego's motion to dismiss the second
22   amended complaint for failure to state a claim pursuant to Federal Rule of Civil
23   Procedure ("Rule") 12(b)(6) and Rule 4(m) for failure to serve Doe Defendants.  (Dkt.
24   No. 24.)  Plaintiff filed an opposition.  (Dkt. No. 41.)  Defendant filed a reply.  (Dkt. No.
25   43.)  Based on the reasoning below, the Court GRANTS Defendant County of San
26   Diego's motion to dismiss the second amended complaint with leave to amend.
27   / / /
28   / / /

                                                1

**Background**

The operative second amended complaint[1] ("SAC") alleges causes of action for race discrimination under 42 U.S.C. § 1983 and 42 U.S.C. § 2000d and state law claims of negligence, assault, battery, and vicarious liability under California Government Code section 815.2 against the County of San Diego ("Defendant" or "County"), Alpine Sheriff's Department, San Diego Police Department, the City of San Diego[2] and Does 1-20 (collectively "Defendants").  (Dkt. No. 23, SAC.)

According to the SAC, Plaintiff Kenneth Jones ("Plaintiff"), an African-American male, is a resident of Los Angeles, California.  (Dkt. No. 23, SAC ¶¶ 23, 32.)  In March 2018, Plaintiff was at Viejas Casino and was granted permission to drive his brother's girlfriend's 2017 Dodge Challenger.  (*Id.* ¶ 36.)  Eight or nine of Defendants' officers, who were all Caucasian, refused "to believe [Plaintiff's] assertion regarding the vehicle" and immediately "engaged in violent arresting procedures."  (*Id.* ¶¶ 33, 37, 38.)  Plaintiff pulled into the Viejas Casino parking lot, he put his hands out the window, and with permission unlocked the door with his left hand.  (*Id.* ¶¶ 39, 40.)  He then exited the vehicle with both hands raised walking backward away from the vehicle.  (*Id.* ¶ 41.)  He complied and went down to his knees on the ground.  (*Id.* ¶ 42.)  Initially, the eight or nine Caucasian officers aggressively twisted Plaintiff's wrists to handcuff him.  (*Id.* ¶¶ 43-44.)  Once handcuffed, the officers started to aggressively and repeatedly beat, kick, and punch Plaintiff.  (*Id.* ¶ 45.)  One officer kicked Plaintiff in the eye causing severe injury.  (*Id.* ¶ 46.)  After the beating, one officer smirked telling Plaintiff to file a complaint "as if he was absolved for committing these violent, inhumane and purely discriminatory acts."  (*Id.* ¶ 47.)  After being arrested, the charges for the stolen vehicle

---

[1] The original complaint was filed on October 8, 2020.  (Dkt. No. 1.)
[2] Even though the City of San Diego and San Diego Police Department were dismissed from the amended complaint pursuant to the parties' joint motion to dismiss, (Dkt. No. 11, 13), they are re-named in the SAC.

20CV1989-GPC(DEB)

were dropped.  (*Id.* ¶ 49.)  Plaintiff asserts that it was clear that the beating was due to his race.  (*Id.* ¶ 54.)

Defendant County of San Diego moves to dismiss the SAC arguing that the state and federal claims are time barred and also fail to state a claim.  (Dkt. No. 24.)  The motion is fully briefed.  (Dkt. Nos. 41, 43.)

**Discussion**

**A.    Legal Standard as to Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).  In reviewing a Rule 12(b)(6) motion, the Court accepts as true all

3

facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See DeSoto,* 957 F.2d at 658; *Schreiber,* 806 F.2d at 1401.

**B.    State Law Claims - California Government Claims Act**

Defendant argues that all state law claims, claims 2-5, should be dismissed because the SAC does not allege that Plaintiff complied with the claim presentment requirement under the California Government Claims Act ("Government Claims Act"). (Dkt. No. 24-1 at 11-12.[3]) It maintains that Plaintiff admits he filed an untimely claim which was denied on January 25, 2019 and failed to file a petition seeking judicial relief from the denial under Government Code section 946.6. (*Id.*) Plaintiff disagrees arguing that the County received proper notice of his claims by virtue of the denial of his government claim on January 25, 2019 and that equitable tolling applies to make his claim timely. (Dkt. No. 41 at 12-14.)

Under California's pleading standard against a public entity under the Government Claims Act, "a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint . . . fail[s] to state facts sufficient to constitute a cause of action." *State of Cal. v. Superior Ct.,* 32 Cal. 4th 1234, 1243 (2004). This "must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim" because the purposes of the

---

[3] Page numbers are based on the CM/ECF pagination.

claim presentation requirement are to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of Stockton v. Superior Ct.*, 42 Cal. 4th 730, 738 (2007) (citation omitted).

Under the Government Claims Act, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . ." Cal. Gov't Code § 945.4. "[S]ubmission of a claim to a public entity pursuant to section 900 *et seq.* 'is a condition precedent to a tort action and the failure to present the claim bars the action.'" *Phillips v. Desert Hosp. Dist.*, 49 Cal. 3d 699, 708 (1989) (quoting *Lutz v. Tri–City Hosp.*, 179 Cal. App. 3d 807, 812 (1986)). The failure to timely present a claim for money or damages to a public entity bars the plaintiff from bringing suit against that entity. *City of Stockton*, 42 Cal. 4th at 738; *State of Cal.*, 32 Cal. 4th at 1239.

Under Government Code section 911.2, "[a] claim relating to a cause of action for death or for injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action[,]" while "[a] claim relating to any other cause of action shall be presented . . . not later than one year after the accrual of the cause of action." Cal. Gov't Code § 911.2(a). The date of accrual for the purposes of section 911.2 is the same as the date of accrual of the underlying cause of action within the meaning of the statute of limitations. *Id.* § 901. Equitable tolling does not apply to section 911.2's six-month deadline for filing the initial government claim to the public entity because it is not a statute of limitations. *Willis v. City of Carlsbad*, 48 Cal. App. 5th 1104, 1121 (2020), *reh'g denied* (May 29, 2020), *review denied* (July 22, 2020).

If a plaintiff fails to file a timely claim within six months after accrual of the claim, an application may be made to the public entity seeking leave to present a late claim which must be presented within a reasonable time to the public entity but not to exceed one year of the accrual date. *Id.* §§ 911.4(a) & (b). The board must grant or deny the

application within 45 days.  *Id.* § 911.6(a).  If the board fails to respond, "the application shall be deemed to have been denied on the 45th day."  *Id.* § 911.6(c).

If an application for leave to present a late claim is denied, as a last resort, the plaintiff may file a petition to the court for an order relieving him from section 945.4, the claim presentment requirement.  *See* Cal. Gov't Code § 946.6(a).  This "petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6."  *Id.* § 946.6(b).  Unlike the initial claim under section 911.2, equitable tolling applies to a late petition for relief under section 946.6.  *J.M. v. Huntington Beach Union High Sch. Dist.*, 2 Cal. 5th 648, 653 (2017) (the six-month period to file a petition for relief under section 946.6(b) is a mandatory statute of limitations).

Here, Plaintiff alleges that the accrual date of his claim is the date of the incident in March 2018.[4]  (Dkt. No. 23, SAC ¶ 9.)  Without providing specifics, he summarily alleges that he filed a claim as required by section 911.2 but his claim was denied on January 25, 2019.  (*Id.* ¶¶ 8, 95, 114, 129, 149.)  Because his claim was denied, he filed a complaint in this Court on October 8, 2020.  (*Id.* ¶ 8.)  He admits his compliance with the Government Claims Act was not timely and seeks equitable tolling.  (*Id.* ¶ 18.)

He alleges that shortly after the incident in March 2018, he was incarcerated in a separate incident from May 2018 to June 2020.  (*Id.* ¶¶ 11, 50.)  He claims he should be entitled to equitable tolling for the period of his incarceration pursuant to California Code of Civil Procedure section 352.1.  (*Id.* ¶¶ 11, 15, 50.)  Further, while in custody, in June 2018, he suffered a stroke rendering him "permanently disabled with paralyzed ability to walk or speak".  (*Id.* ¶ 12.)  He was hospitalized until August 2018 and was unable to "comprehend properly" and received rehabilitative treatment until December 31, 2018.[5]

---

[4] Plaintiff fails to specify the exact date of the incident.

[5] The complaint is not a model of clarity and includes conflicting assertions.  For example, he alleges in paragraph 12 that he received rehabilitative treatment until December 31, 2018 but then in paragraph 51, he claims that he received rehabilitative treatment up to "until to date" indicating he is still receiving

(*Id.*)  Plaintiff claims after the stroke, he was wheelchair bound and unable to communicate properly.  (*Id.* ¶ 13.)  He claims he should be entitled to equitable tolling during the period he was suffering from the consequences of the stroke.  (*Id*. ¶ 18.)

The Court concludes that the summary allegations concerning compliance with the Government Claims Act fail to state a claim.  Plaintiff solely alleges he filed a claim under section 911.2 which was denied on January 25, 2019 and then he filed the instant complaint in this Court.  (Dkt. No. 23, SAC ¶¶ 8, 95.)  The bare-bone allegations reveal that Plaintiff did not comply with the multi-step process to pursue a denial of a claim under the Government Claims Act prior to filing suit in this Court.  Plaintiff admits he filed his claim late and that it was denied but fails to allege that he sought an application to file a late claim under section 911.4, and additionally, fails to allege he submitted a petition with a court for an order relieving him from the requirements of the claim presentment requirement under section 946.6.  By failing to satisfy the claim presentation requirement, Plaintiff's state law claims must be dismissed.  *See J.M. v. Huntington Beach Union High Sch*., 2 Cal. 5th 648, 655 (2017).

This failure to fully comply is clearly addressed in *J.M.*, where the California Supreme Court disapproved the ruling in *E.M. v. Los Angeles Unified Sch. Dist*., 194 Cal. App. 4th 736 (2011), a case similar to the facts of this case.  In *E.M.*, the court of appeal held that a timely application for leave to present a late claim, without seeking a petition for relief, satisfied the claim presentment requirement.  In that case, a minor alleged she had been sexually molested by her high school coach.  Her initial claim was denied as being untimely as well as her application to file a late claim.  *Id.* at 739.  In the denial, the district informed the plaintiff that in order to file a court action, she must first petition the appropriate court for an order relieving her from the claim presentment requirement.  *Id.* at 740-41.  Five months later, instead of filing a petition, she filed a complaint in

---

rehabilitative treatment.  (Dkt. No. 23, SAC ¶ 51.)  Because paragraph 51 is vague and unclear, the Court relies on the allegation that he ended rehabilitative treatment on December 31, 2018.

20CV1989-GPC(DEB)

superior court.  *Id.* at 741.  Two months after filing the complaint, she filed a petition for leave to file a late claim under section 946.6 in the same case, which the trial court denied because it was more than six months after the late claim application was rejected.  *Id.* Because the trial court denied the petition, the entire case was dismissed.  *Id.*  The court of appeal reversed holding that the trial court erred in dismissing the case because the plaintiff's late claim application should have been granted under section 911.6; therefore, the court concluded that she satisfied the claim presentment requirement.  *Id.* at 746-47. The court of appeal rejected the school district's argument that even if it incorrectly denied the late application, the plaintiff's only recourse was to petition the superior court for relief under section 946.6, and justified that the "purpose of the claims statute is to give the public entity timely notice of a claim and sufficient information to enable the public entity to investigate the claim and to settle it, if appropriate, without the expense of litigation."  *Id.* at 748.  Therefore, the plaintiff's timely application for leave to present a late claim satisfied the technical requirement and the purpose of the statute.  *Id.*

In *J.M.,* the California Supreme Court stated that the *E.M.* court erred and flouted the "technical requirements" of section 946.6 and rendered that provision superfluous creating confusion over the procedural requirement when a late claim application is denied.  2 Cal. 5th at 655.  In *J.M.*, the plaintiff was a high school football player who allegedly suffered a concussion.  *Id.* at 651.  He did not file a timely claim under section 911.2 but presented the district with an application to file a late claim within a year after the claim accrued.  *Id.*  The school district took no action and, as a result, the application was deemed denied on December 8, 2012, 45 days after it was presented pursuant to section 911.6(c).  *Id.* at 652.  His counsel filed a petition with the superior court for relief on October 28, 2013, more than 8 months later.  *Id.*  The trial court denied the petition which was subsequently affirmed by the Supreme Court.  The Supreme Court held that that statute provides "no recourse for counsel's failure to petition the court within six months of the deemed denial of J.M.'s late claim application."  *Id.* at 656 (explaining that the claims statutes impose time limits but also safe harbors).

Similar to the plaintiff in *E.M.*, Plaintiff not only failed to file an application for leave to file a late claim under section 911.4, but also failed to seek a petition for relief from the claim presentation requirement under section 946.6, and simply filed a complaint with this Court.  Therefore, Plaintiff fails to allege compliance with the claim presentation requirement and the state law claims must be dismissed with prejudice.[6]  *See City of Stockton*, 42 Cal. 4th at 738.  Moreover, Plaintiff's equitable tolling argument has no relevance to an application to file a late claim or a petition for relief that he never submitted.  Accordingly, the Court GRANTS Defendant's motion to dismiss the state law claims for failing to comply with the California Government Claims Act.

## C.   Race Discrimination Claim - 42 U.S.C. § 1983/42 U.S.C. § 2000d

### 1.   Statute of Limitations

Defendant argues the race discrimination claim raised under 42 U.S.C. § 1983 ("§ 1983") through 42 U.S.C. § 2000d is barred by the two-year statute of limitations because the alleged incident occurred in March 2018 and the complaint was not filed until October 8, 2020 over two years later.  (Dkt. No. 24-1 at 11-12.)  Plaintiff does not dispute that his claims are time barred but argues he is entitled to equitable tolling because he was incarcerated, in a separate incident, from May 2018 – July 2020 and suffered a stroke while imprisoned in June 2018.[7]  (Dkt. No. 23, SAC ¶¶ 9, 10; Dkt. No. 41 at 20-21, 22-

---

[6] Because Plaintiff was already granted leave in the Court's prior order to sufficiently allege compliance with the Government Claims Act, (Dkt. No. 17 at 11 ("In the FAC, Plaintiff fails to provide any specifics dates as to his claim history in order for the Court to determine whether he has alleged compliance with the Government Claims Act."), it would be futile to allow amendment on this issue.  Moreover, the County filed a request for judicial notice, which the Court grants because it may take judicial notice of matters of public record if the facts are not subject to reasonable dispute, *see* Fed. R. Civ. P., 201(b); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986), of docket searches of the San Diego Superior Court and this Court revealing that no petition for relief under section 946.6 was ever filed by Plaintiff.  (Dkt. No. 24-2, D's RJN, Exs. 1, 2.)  Therefore, this is an additional reason why leave to amend will not be granted because Plaintiff will not be able to allege compliance with the claim presentation requirement.

[7] Another example of lack of clarity in the SAC is that Plaintiff claims he should be entitled to "equitable tolling for the 24 (twenty-four) months after December 31, 2018 allowable to file the complaint in this matter."  (Dkt. No. 23, SAC ¶ 16.)  Because the tolling event was completed on

24.)  He also contends that he promptly filed his complaint three months after he was released from prison.  (*Id.* at 14.)

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citation omitted); *see also Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994).  The statute of limitations for personal injury actions under California law is two years.  *See* Cal. Code Civ. P. § 335.1; *see also Jones*, 393 F.3d at 927.  That statute also applies to claims under Title VI of the Civil Rights Act of 1964.  *See Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("we now hold that claims brought under 42 U.S.C. § 2000d are governed by the same state limitations period applicable to claims brought under § 1983.").

Although state statute of limitations and tolling principles apply, federal law determines when a cause of action accrues for a § 1983 claim.  *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).  Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action.  *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir. 1996).  Thus, "[a]n action ordinarily accrues on the date of the injury." *Id.*

Equitable tolling is a judge-made doctrine that permits tolling of the limitations period "to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice."  *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 270 (2003).  "Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important

---

December 31, 2018, (*id.* ¶ 12), it appears that Plaintiff is claiming that the two year statute of limitations should run from December 31, 2018 when his rehabilitation was completed

20CV1989-GPC(DEB)

public interest or policy expressed by the . . . limitations statute." *Jones,* 393 F.3d at 928 (internal quotations omitted).

Under California law, a party claiming equitable tolling must show: "first, that the plaintiff gave timely notice to the defendant of the plaintiff's claim; second, that the resultant delay did not cause prejudice to the defendant's position; and third, that the plaintiff acted reasonably and in good faith." *Ervin v. Los Angeles Cnty.*, 84 F.3d 1018, 1019 (9th Cir. 1988) (citing *Addison v. State of Cal*., 21 Cal. 3d 313, 319 (1978) ("application of the doctrine of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff.")).  "[T]he effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded." *Lantzy*, 31 Cal. 4th at 370.

Plaintiff asserts that equitable tolling should apply to make his complaint timely under California Code of Civil Procedure section 352.1(a) because he was incarcerated in May 2018 and released in July 2020.  (*Id.* ¶¶ 9 15.)

In its prior order, the Court concluded that tolling under section 352.1[8] did not apply because Plaintiff failed to allege he was incarcerated when his claims accrued. (Dkt. No. 17 at 7 (citing *Groce v. Claudat*, 603 F. App'x 581, 582 (9th Cir. 2015) ("The district court correctly determined that all of [the plaintiff's] claims ... were time-barred because [the plaintiff] was not incarcerated when his claims accrued."); *see also Wilkins v. Vancott*, No. 17-CV-00340-YGR (PR), 2018 WL 3763316, at *3 (N.D. Cal. Aug. 7, 2018) ("Tolling under section 352.1 is triggered by the plaintiff's arrest and incarceration."); *Briceno v. Williams*, Case No.: 16cv1665-JAH (AGS), 2018 WL 6040688, at *2 (S.D. Cal. Nov. 19, 2018) ("In order to trigger § 352.1 tolling, a plaintiff

---

[8] Section 352.1 provides, "[i]f a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge . . . for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."  Cal. Civ. Proc. § 352.1.

must be imprisoned 'at the time the cause of action accrued.'")).  In his opposition, Plaintiff fails to provide any legal authority to support his position that section 352.1 applies to his circumstance.  Because the SAC alleges he was incarcerated two months after the incident, section 352.1 tolling is inapplicable.

Plaintiff additionally argues equitable tolling applies because he suffered a stroke in June 2018 rendering him paralyzed with the inability to walk or speak, required hospitalization until August 2018 and engaged in extensive rehabilitative treatment until December 31, 2018.  (*Id.* ¶ 12.)  He summarily claims that he lacked the ability to assert facts presumably with his counsel to proceed with filing a complaint due to his disability. (*Id.* ¶ 87.)  It was not until after his release from incarceration in July 2020 and in between rehabilitation treatments[9] that he was able to proceed with his complaint.  (*Id.* ¶ 88.)

As noted above, Plaintiff fails to provide specific dates of when the incident occurred and the date he suffered his stroke, and as such, the Court is unable to determine if equitable tolling has been sufficiently alleged because the time period Plaintiff seeks equitable tolling on is a close call.[10]  *See e.g., Lantxy*, 31 Cal. 4th at 370-71 (noting that "the effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded"); *Cavallero v. Idaho*, Case No. 1:20-cv-00108-BLW, 2020 WL 1948825, at *3 (D. Idaho Apr. 22, 2020) (if pro per plaintiff files an amended complaint, he must specify the date

---

[9] As to clarity, again, Plaintiff fails to explain if he engaged in rehabilitative treatments after December 31, 2018.

[10] The statute of limitation began to run from March 2018, the month of the alleged incident, to June 2018, the month he suffered a stroke.  Tolling could apply from June 2018 until December 31, 2018 when his rehabilitative treatment ended.  The complaint was filed on October 8, 2020.  Therefore, because 22 months and 8 days passed between December 31, 2018 to October 8, 2020, less than 2 months remained before the two year statute of limitations expired.  Thus, the period from March to June 2018 is determinative as to whether the complaint is timely.  Without knowing the specific dates, the Court is unable to determine whether Plaintiff has sufficiently alleged that his complaint complied with the statute of limitations.

20CV1989-GPC(DEB)

on which his injury occurred to determine if equitable tolling has been alleged); *Paarman v. Spearman*, No. LA CV 12–07725–VBF–RNB, 2013 WL 8291760, at *2 (C.D. Cal. Nov. 4, 2013) (denying equitable tolling, in part, for failing to specify the dates of the alleged lockdowns).  Plaintiff does not allege when the tolling event began, the date he suffered his stroke.

Accordingly, the Court GRANTS Defendant's motion to dismiss the first cause of action for race discrimination as untimely with leave to amend.  Even though the Court dismisses this cause of action, the Court considers Defendant's argument seeking dismissal under *Monell* for failure to state a claim.

### 2.    *Monell* **Claim**

As an initial matter, Defendant County of San Diego contends that the first cause of action for race discrimination under Title VI, 42 U.S.C. § 2000d fails to state a claim because Plaintiff does not describe any "program or activity receiving Federal financial assistance" that he was excluded based on his race.  (Dkt. No. 24-1 at 16-22.)  It also claims the *Monell* claim against it should be dismissed because the SAC fails to allege the plausible existence of a policy, custom or practice that caused the constitutional violation.  (*Id.*)  Plaintiff does not address the argument concerning Title VI and contends he has sufficiently alleged a *Monell* claim based on the vagueness of the County's policy and the failure to provide sufficient guidance on the use of excessive force which caused the officers to engage in discriminatory conduct.  (Dkt. No. 41 at 17-19.)

Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  "The Supreme Court has held that only violations of rights, not laws, give rise to § 1983 actions."  *Save our Valley v. Sound Transit*, 335 F.3d 932, 936 (9th Cir. 2003) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002); *Blessing v. Freestone*, 520 U.S. 329, 340 (1997)).

The SAC alleges race discrimination under Title VI[11] of the Civil Rights Act, 42 U.S.C. § 2000d, which provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  To prevail on a Title VI discrimination, a plaintiff "must demonstrate that he was 'subjected to discrimination' due to 'race, color, or national origin,' by a 'program or activity receiving Federal financial assistance.'"  *Yu v. Idaho State Univ.,* 15 F.4th 1236, 1242 (9th Cir. 2021); *Darensburg v. Metropolitan Transp. Comm'n*, No. C–05–01597 EDL, 2008 WL 3915349, at *23 (N.D. Cal. 2008) (To prevail on a Title VI claim, a plaintiff must prove (1) that the plaintiff is an "intended beneficiary of the federally-funded program the defendants . . . participated in," [ ] and (2) that the defendant intentionally discriminated against the plaintiff in violation of the statute.").  Here, the SAC fails to allege that he was denied the benefits of any federally-funded program or activity; therefore, he fails to state a claim under 42 U.S.C. § 2000d.

Because the Court dismisses the 42 U.S.C. § 2000d, the section 1983 claim, itself is not a source of substantive rights, and must also be dismissed.  However, to the extent that Plaintiff is able to amend his SAC to sufficiently allege an underlying claim to support a § 1983 claim, the Court addresses why the *Monell* allegations in the SAC fails to state a claim.  *See e.g., United States v. Cnty. of Maricopa, Arizona*, 889 F.3d 648, 653 (9th Cir. 2018) (a county may be liable under Title VI violations stemming from its own policies).

Cities, counties and other local government entities are subject to claims under 42 U.S.C. § 1983.  *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658

---

[11] Again, not a model of clarity, the SAC alleges violations of Title VI, Title VII and Title II of the Civil Rights Act of 1964 for the race discrimination claim.  (*See* Dkt. No. 23, SAC ¶¶ 2, 4, 59.)  The Court assumes Plaintiff has mistyped these Titles and is only seeking race discrimination under Title VI. Plaintiff should clarify this when he amends the SAC.

(1978).  While municipalities, their agencies and their supervisory personnel cannot be held liable under § 1983 on any theory of respondeat superior or vicarious liability, they can, however, be held liable for deprivations of constitutional rights resulting from their formal policies or customs.  *Id.* at 691-93.  Liability only attaches where the municipality itself causes the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."  *Id.* at 694.

Plaintiffs must establish that "the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered."  *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (citing *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007)).  To prevail, a plaintiff must show "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) 'the policy is the moving force behind the constitutional violation.'"  *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).

Three separate theories of *Monell* liability may be alleged against the County: 1) an unconstitutional policy, custom or practice, 2) inadequate training and/or 3) ratification. *See Rodriguez v. Cnty. of Los Angeles,* 891 F.3d 776, 802-03 (9th Cir. 2018).  First, "a local government may be liable if 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury.'"  *Id.* (quoting *Monell,* 436 U.S. at 694). Second, "a local government can fail to train employees in a manner that amounts to 'deliberate indifference' to a constitutional right, such that 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'"  *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).  Third, "a local government may be held liable if 'the individual who

committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* (quoting *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2018)).

Though not articulated by Plaintiff, it appears the *Monell* claim against the County is based on an unconstitutional policy, custom or practice.[12]  (Dkt. No. 23, SAC ¶¶ 63-67.)  To state a claim under this theory, "a plaintiff must allege either that '(1) a particular municipal action itself violates federal law, or directs an employee to do so'; or (2) the municipality, through inaction, failed to implement adequate policies or procedures to safeguard its community members' federally protected rights." *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) (citations omitted).  As here, where the plaintiff seeks liability based on a failure to act, he "must allege that the municipality exhibited deliberate indifference to the violation of [his] federally protected rights. *Id.* "Deliberate indifference exists when the need 'for more or different' action 'is so obvious, and the inadequacy [of existing practice] so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Id.* at 1141.  This can be alleged in two ways.  If the policy is "facially deficient that any reasonable policymaker would recognize the need to take action" then the plaintiff need only point to the policy "to establish that the municipality's policymakers were on notice that the plaintiff's federally protected rights would likely be violated if they failed to act." *Id.* at 1141-42.  Alternatively, if the policy is not obviously facially deficient, "a plaintiff must ordinarily point to a pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice." *Id.* at 1142.

---

[12] In opposition, Plaintiff also relies on paragraphs 68-72 to support his *Monell* argument, (Dkt. No. 41 at 19); however, as noted by the County, these paragraphs allege a policy of Defendants City of San Diego and San Diego Police Department, who have not yet answered, and not the County.  (Dkt. No. 23, SAC ¶¶ 68-72.)  Therefore, the Court does not consider paragraphs 68-72 on this motion.

20CV1989-GPC(DEB)

1    In this case, the SAC alleges that policy 6.48 of the County directs that "[d]eputies

2 shall utilize appropriate control techniques or tactics which employ maximum

3 effectiveness with minimum force to effectively terminate, or afford the [d]eputy control

4 of, the confrontation incident." (Dkt. No. 23, SAC ¶ 63.)  Plaintiff complains that policy

5 6.48 is deficient because "it well known that officers fail to use minimum force; given the

6 excessive force in this incident. Further, the policy lacks explanation for prohibited

7 excessive force.  The policy fails to even assert what excessive force includes or an

8 example of the same." (*Id.* ¶ 64.)  Policy 6.48 is also void of any direction on excessive

9 force and the "renouncement of excessive force coupled with allowing officers to make

10 self-served determination of use of force is a violation of Defendant's 6.48 policy and the

11 intended purpose for the use of force policy." (*Id.* ¶ 65.)  The lack of guidance allows the

12 officers to make unilateral decisions on when to use force which is typically based on

13 profiling and prejudicial thoughts and result in routine use of excessive force.  (*Id.* ¶ 66.)

14 Defendant's reckless violation of policy 6.48 caused Plaintiff harm as he was beaten and

15 severely battered.  (*Id.* ¶ 65.)

16    By way of these allegations, Plaintiff is claiming that because policy 6.48 fails to

17 provide guidance on the appropriate use of control techniques, the officers engaged in

18 discriminatory conduct using excessive force causing harm to him.  In essence, Plaintiff

19 claims that the County failed to implement adequate policies and procedures concerning

20 the use of excessive force.[13]

21    Plaintiff argues that the *Monell* claim is adequately pled because he has alleged all

22 the elements of a *Monell* claim.  However, Plaintiff has merely recited the elements of a

23 *Monell* cause of action without supporting facts which cannot survive a Rule 12(b)(6)

24 challenge.  *See Iqbal*, 556 U.S. at 678; *A.E. ex rel. Hernandez*, 666 F.3d at 637

---

[13] In its motion, Defendant notes that Plaintiff has selectively presented and has failed to provide to full text of policy 6.48 which also addresses use of "necessary and objectively reasonable" force.  (Dkt. No. 24-1 at 17 n. 4.)  However, on a motion to dismiss, the Court looks solely to the allegations in the SAC and not matters outside the complaint.

20CV1989-GPC(DEB)

("allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").  If, in fact, Plaintiff is alleging a *Monell* claim based on a failure to act, he must "point to a pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice", *Hyun Ju Park*, 952 F.3d at 1142, which he has failed to do.  *See Brown v. Cnty. of San Bernardino*, No. EDCV 20-1304 JGB (SHKx), 2021 WL 99722, at *4 (C.D. Cal. Jan. 8, 2021) (FAC fails to allege a pattern of similar incidents to support unconstitutional policy, custom or practice).  Moreover, Plaintiff has not alleged sufficient facts that the policy was the moving force behind Plaintiff's ultimate injury.  *See id.*

"Courts have repeatedly rejected sweeping allegations of policies and customs in the absence of facts supporting their existence and applicability."  *Id.*; *see also Maldonado v. Cnty. of Orange*, Case No. 8:19-cv-00883-JLS-JDE, 2019 WL 6139937, at *2 (C.D. Cal. 2019) (dismissing *Monell* claim based on "policy and custom" where "[t]he Complaint contains only sweeping allegations that the County's policies and practices generally empower excessive force, but 'Plaintiff[ ] fail[s] to allege any facts showing that any of these claimed policies or customs actually exist,' much less how they caused the specific use of force at issue here"); *Moore v. City of Orange*, Case No. SACV 17-01024 JVS(JCGx), 2017 WL 10518114, at *3-4 (C.D. Cal. Sept. 25, 2017) (finding that "speculative list of various customs, policies, and practices that allegedly violated" constitutional rights without allegations of underlying facts "failed to meet the *Monell* pleading standard").  Therefore, even if Plaintiff had alleged an underlying violation of federal law to support a § 1983 claim, the Court concludes that Plaintiff has not sufficiently alleged a *Monell* claim.

/ / /

/ / /

/ / /

/ / /

1

**D.      Motion to Dismiss for Failure to Service Doe Defendants**

2

Defendant contends that the 20[14] Doe Defendants named in the SAC should be

3

dismissed for failure to state a claim because he fails to allege how each particular

4

defendant harmed him and for failure to serve under Rule 4(m).  (Dkt. No. 24-1 at 22-23.)

5

Plaintiff responds that he does not know the identity of the Doe Defendant but with

6

discovery, he will be able to obtain their names.  (Dkt. No. 41 at 19.)  He also maintains

7

that he has alleged sufficient facts that describe how the eight Doe Defendant officers

8

were involved in the incident.  (*Id.* at 20.)

9

While the use of "John Doe" is not favored, "where the identity of the alleged

10

defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be

11

given an opportunity through discovery to identify the unknown defendants, unless it is

12

clear that discovery would not uncover the identities, or that the complaint would be

13

dismissed on other grounds."  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.

14

1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  "A plaintiff may

15

refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so

16

on, but he must allege specific facts showing how each particular doe defendant violated

17

his rights."  *Keavney v. Cnty. of San Diego*, No. 3:19cv1947-AJB(BGS), 2020 WL

18

4192286, at *4 (S.D. Cal. July 21, 2020) (quoting *Cuda v. Employees/Contractors/Agents*

19

*at or OCCC*, CIV. NO. 19-00084 DKW-KJM, 2019 WL 2062945, at *3–4 (D. Haw. May

20

9, 2019)).

21

Again, the Court notes that the SAC is not a model of clarity.  First, as stated in his

22

opposition, Plaintiff should clarify that there are only 8 Doe Defendants instead of the 20

23

Doe Defendants alleged.  Next, on the race discrimination claim, the SAC references the

24

conduct of "officers" but it is not alleged that they are also the Doe Defendants.  The

25

"officers" are also lumped together without any specific facts as to which Doe Defendant

26

27

28

[14] The caption on the SAC lists 50 Doe Defendants but the Court relies on the allegations in the SAC claiming 20 Doe Defendants.  (Dkt. No. 23, SAC ¶ 29.)

conducted which acts that violated Plaintiff's rights.  *See Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights").  Thus, the Court grants dismissal of the Doe Defendants with leave to amend to clarify the number of Doe Defendants and also provide specific factual allegations as to each of the Doe Defendants.

Defendant also argues that the Doe Defendants should be dismissed for Plaintiff's failure to serve them within 90 days of the filing of the complaint.  (Dkt. No. 24-1 at 23.) Plaintiff does not address this argument besides generally stating that with discovery he will be able to identify them.

Rule 4(m) requires a plaintiff to serve defendants within 90 days after filing the complaint.  Fed. R. Civ. P. 4(m).[15]  The failure to serve a defendant within 90 days after the filing of the Complaint is grounds for dismissal of the claims against the unserved defendant.  *Id.*  The 90 day period for service of the summons and complaint applies to Doe Defendants.  *See Ticketmaster L.L.C. v. Prestige Entm't W., Inc.,* 315 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018) (90-day deadline under Rule 4(m) applies to service on Doe Defendants but may be extended if a plaintiff shows good cause).  The 90-day service deadline runs from the date of the original complaint for any Doe Defendant named. *Third World Media, LLC v. Does 1-1568*, No. C. 10-04470 LB, 2011 WL 4344160, at *1 (N.D. Cal. Sept. 15, 2011) (citing *Harris v. City of Cleveland*, 7 Fed. App'x 452, 456 (6th Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants.") (citing

---

[15] "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." A complaint must set forth a minimum factual and legal basis sufficient to give each Doe defendant fair notice of the allegations against him or her; otherwise, the claims against those defendants must be dismissed." Fed. R. Civ. P. 4(m).

20CV1989-GPC(DEB)

4A Wright & Miller, Federal Practice & Procedure § 1137, at 103 (Supp. 2000); and *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (holding that district court did not abuse its discretion in dismissing defendants named in an amended complaint when they had been named in an earlier complaint but not served within 120 days of the filing of the original complaint)).

The docket does not reflect service of any Doe Defendants and Plaintiff has failed to assert any good cause to extend service of process.  Thus, the Court GRANTS Defendant's motion to dismiss the Doe Defendants for failing to serve.

**E.    Leave to Amend**

In the event the Court grants dismissal of any claim in the FAC, Plaintiff requests leave of Court to file a third amended complaint.  (Dkt. No. 41 at 24-25.)  Because amending the complaint would not be futile, the Court GRANTS Plaintiff's one last opportunity file a third amended complaint to cure the deficiencies noted in the order. *See DeSoto,* 957 F.2d at 658; *Schreiber,* 806 F.2d at 1401.

**Conclusion**

Based on the above, the Court GRANTS Defendant's motion to dismiss the state law claims, claims two to five, with prejudice, GRANTS Defendant's motion to dismiss the first cause of action for race discrimination under 42 U.S.C. § 1983 and 42 U.S.C. § 2000d for failure to state a claim, and GRANTS Defendant's motion to dismiss the 20 Doe Defendants for failing to identify and serve them.  Plaintiff shall file a third amended complaint by **March 25, 2022**.  The hearing set on March 11, 2022 shall be **vacated**.

IT IS SO ORDERED.

Dated:  March 10, 2022

Hon. Gonzalo P. Curiel
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

20CV1989-GPC(DEB)