UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JONES,<br><br>                Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a government entity, SAN DIEGO POLICE DEPARTMENT, a government entity, CITY OF SAN DIEGO, a government entity, ALPINE SHERIFF'S DEPARTMENT, a government entity and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No.: 20CV1989-GPC(DEB)<br><br>**ORDER GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT WITH PREJUDICE AND DENYING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS DOE DEFENDANTS AS MOOT**<br><br>**[Dkt. No. 46.]** |

      Before the Court is Defendant County of San Diego's ("County" or "Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and motion to dismiss Doe Defendants for failure to state a claim under Rule 12(b)(6) and failure to serve under Rule 4(m). (Dkt. No. 46.) Plaintiff filed an opposition. (Dkt. No. 48.) Defendant filed a reply. (Dkt. No. 49.) A hearing was held on June 10, 2022. (Dkt. No. 50.) Per the Court's direction at the hearing, Defendant filed a supplemental brief on June 24, 2022. (Dkt. No. 51.) Plaintiff filed a response and Defendant filed a reply brief. (Dkt. Nos. 52, 53.) Based on the reasoning below, the Court GRANTS Defendant

1  County of San Diego's motion to dismiss the third amended complaint with prejudice and
2  DENIES the motion to dismiss Doe Defendants as moot.

## Background

On October 8, 2020, Plaintiff Kenneth Jones ("Plaintiff") filed a "42 U.S.C. § 1983 civil rights complaint" but alleged state law claims of negligence, assault, battery, vicarious liability under California Government Code section 815.2, negligent infliction of emotional distress and intentional infliction of emotional distress against the County of San Diego, San Diego Police Department, City of San Diego and Alpine Sheriff's Department. (Dkt. No. 1, Compl.) After the Court issued an order to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction, Plaintiff filed a first amended complaint ("FAC") against the same defendants. (Dkt. Nos. 3, 4.) The FAC alleged race discrimination under 42 U.S.C. § 1983 and 42 U.S.C. § 2000(d) as well as state law claims of negligence, assault, battery, vicarious liability under California Government Code section 815.2, negligent infliction of emotional distress, and intentional infliction of emotional distress. (Dkt. No. 4.) On September 29, 2021, the Court granted the County's motion to dismiss the FAC with leave to amend and denied the motion to strike. (Dkt. No. 17.) Because Plaintiff failed to timely file the second amended complaint, the Court granted his ex parte motion for leave to file a second amended complaint. (Dkt. No. 22.) A second amended complaint was filed on November 10, 2021. (Dkt. No. 23.) On March 10, 2022, the Court granted the County's motion to dismiss the state law claims with prejudice for failing to timely comply with the California Government Claims Act and the federal 42 U.S.C. § 1983 claim with leave to amend but noted that it would be Plaintiff's last opportunity to amend. (Dkt. No. 44 at 21.)

Plaintiff filed the operative third amended complaint ("TAC") on March 25, 2022 alleging one cause of action for race discrimination under 42 U.S.C. § 1983 and 42 U.S.C. § 2000d against the County of San Diego, Alpine Sheriff's Department, San Diego Police Department, the City of San Diego (collectively "Defendants") and Does 1-

20. (Dkt. No. 45, TAC.)  According to the TAC, Plaintiff, an African-American male, is a resident of Los Angeles, California.  (*Id*. ¶¶ 8, 36.)  Around March 24, 2018, (*id*. ¶¶ 9, 10), or March 28, 2018, (*id*. ¶ 39), Plaintiff was at Viejas Casino and was granted permission to drive his brother's girlfriend's 2017 Dodge Challenger.  (*Id*. ¶ 40.)  Eight or nine of Defendants' officers, who were all Caucasian, refused "to believe [Plaintiff's] assertion regarding the vehicle" and immediately "engaged in violent arresting procedures."  (*Id*. ¶¶ 37, 41, 42.)  Plaintiff pulled into the Viejas Casino parking lot, he put his hands out the window, and with permission unlocked the door with his left hand.  (*Id*. ¶¶ 43, 44.)  He then exited the vehicle with both hands raised walking backward away from the vehicle.  (*Id*. ¶ 45.)  He complied and went down to his knees on the ground.  (*Id*. ¶ 46.)  Initially, the officers aggressively twisted Plaintiff's wrists to handcuff him.  (*Id*. ¶ 48.)  Once handcuffed, the officers started to aggressively "wail, beat, kick and punch" Plaintiff.  (*Id*. ¶ 49.)  One officer kicked Plaintiff in the eye causing severe injury.  (*Id*. ¶ 50.)  After the beating, one officer smirked telling Plaintiff to file a complaint "as if he was absolved for committing these violent, inhumane and purely discriminatory acts."  (*Id*. ¶ 51.)  After being arrested, the charges for the stolen vehicle were dropped.  (*Id*. ¶ 53.)

      The TAC alleges that the statute of limitations accrued on March 24, 2018 and expired on March 24, 2020.  (*Id*. ¶¶ 9, 10.)  But Plaintiff alleges equitable tolling applies to his incarceration for a separate incident from May 28, 2018 to June 1, 2020.  (*Id*. ¶¶ 11, 19.)  He also asserts that he suffered a stroke while incarcerated on June 23, 2018 which rendered him permanently disabled with the inability to walk or talk, was hospitalized until August 1, 2018 and received rehabilitative treatment until December 31, 2018.  (*Id*.)  Thus, he alleges tolling from June 23, 2018 until December 31, 2018 when his rehabilitative treatment was completed.  (*Id*. ¶¶ 14, 15.)  Plaintiff then maintains he mistakenly presumed he had 24 months to file a complaint starting on January 1, 2019 and seeks equitable tolling for the 24 month period.  (*Id*. ¶¶ 16, 17, 18.)  Plaintiff additionally alleges he lacked the ability to communicate due to his stroke during his

1  incarceration as well as upon release.  (*Id.* ¶ 21.)  He claims that his stroke caused his
2  Government Claims Act claims and this complaint to be untimely but alleges tolling
3  makes the complaint timely.  (*Id.* ¶ 22.)
4        Defendant County of San Diego moves to dismiss the TAC arguing that the federal
5  claim is time barred and fails to state a claim and moves to dismiss the Doe Defendants
6  for failure to state a complaint and for failure to serve.  (Dkt. No. 46.)  The motion is
7  fully briefed along with supplemental briefing to clarify facts alleged in the TAC.  (Dkt.
8  Nos. 48, 49, 51-53.)

## Discussion

**A.  Legal Standard as to Federal Rule of Civil Procedure 12(b)(6)**

      Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

      A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling

the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See DeSoto,* 957 F.2d at 658; *Schreiber,* 806 F.2d at 1401.

**B.     42 U.S.C. § 1983/42 U.S.C. § 2000d – Statute of Limitations**

Defendant County of San Diego argues the race discrimination claim raised under 42 U.S.C. § 1983 ("§ 1983") through 42 U.S.C. § 2000d is barred by the two-year statute of limitations because Plaintiff filed the complaint on October 8, 2020, over two years after the alleged incident, and equitable tolling is not sufficiently alleged. (Dkt. No. 46-1 at 10-12.) Plaintiff argues that statutory and equitable tolling makes his complaint timely. (Dkt. No. 48 at 12-13.)

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citation omitted); *see also Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). The statute of limitations for personal injury actions under California law is two years. *See* Cal. Code Civ. P. § 335.1; *see also Jones*, 393 F.3d at 927. That statute also applies to claims under Title VI of the Civil Rights Act of 1964. *See Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("we now hold that claims brought under 42 U.S.C. §

2000d are governed by the same state limitations period applicable to claims brought under § 1983.").

Although state statute of limitations and tolling principles apply, federal law determines when a cause of action accrues for a § 1983 claim. *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir. 1996). Thus, "[a]n action ordinarily accrues on the date of the injury." *Id.*

Here, the parties do not dispute that the cause of action accrued on the date of the alleged incident in March 2018. Even though the Court, in its prior order, directed Plaintiff to indicate the specific date of the alleged incident for purposes of the statute of limitations because it was a close call, the TAC does not clarify the accrual date but instead creates more confusion. First, the TAC alleges the incident occurred on March 24, 2018 or March 28, 2018. (Dkt. No. 45, TAC ¶¶ 10, 39.) Second, Defendant points out that Plaintiff's government claim dated January 14, 2019, which was signed under penalty of perjury by Plaintiff's counsel, and the related petition for leave to submit a late government claim dated January 15, 2019 submitted by Plaintiff's counsel, listed March 8, 2018 as the alleged date of the incident. (Dkt. No. 8-3, Osborn Decl., Ex. A at 5, 7.[1]) In opposition, Plaintiff does not address the discrepancy of the incident date alleged in

---

[1] Defendant seeks judicial notice of the date asserted by Plaintiff in his Government Claim form and related petition to submit a late claim under the incorporation by reference doctrine. (Dkt. No. 46-1 at 10-11.) The "incorporation by reference" doctrine allows a court, on a Rule 12(b)(6) motion, to take into account documents if the complaint "necessarily relies" on it and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Here, because the complaint references Plaintiff's Government Claims Act form, the form is key to Plaintiff's claim for purposes of the statute of limitations, and he does not challenge its authenticity; the Court incorporates by reference Exhibits A and B of the Osborn Declaration. (Dkt. No. 8-3, Osborn Decl., Exs. A, B.)

the TAC, March 24 or 28, 2018, and does not reconcile those dates with the March 8, 2018 incident date on the Government Claim form.  Further, even though the incident date discrepancy was raised at the hearing, Plaintiff still did not clarify the date of the alleged incident in his supplemental brief.  (*See* Dkt. No. 52.)  Therefore, the Court relies on March 8, 2018 as the alleged date of the incident as that is the date identified in the judicially noticed Government Claim form and petition to file a late petition filed by Plaintiff.  Thus, the complaint is untimely unless a theory of tolling applies.

### 1. Statutory Tolling - California Code of Civil Procedure section 352.1

Plaintiff alleges, for the third unsuccessful time, that he is entitled to equitable tolling for the period of incarceration from May 28, 2018 to June 1, 2020 because he was prevented from filing suit.  (Dkt. No. 45, TAC ¶¶ 11, 19.)  Yet, as before, he fails to provide any legal authority under California law to support his argument and his equitable tolling argument fails.  To the extent Plaintiff is relying on statutory tolling pursuant to California Code of Civil Procedure section 352.1(a), the Court already ruled in two prior orders that section 352.1 does not apply because Plaintiff did not allege he was incarcerated when his claims accrued.  (*See* Dkt. No. 17 at 7; Dkt. No. 44 at 11.)

Section 352.1 provides, "[i]f a person entitled to bring an action . . . is, at the time the cause of action accrued, *imprisoned on a criminal charge* . . . for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."  Cal. Civ. Proc. § 352.1 (emphasis added).

At the hearing, Plaintiff's counsel suggested that on the day of the alleged incident, Plaintiff was taken into custody and then transferred to Riverside County and then prosecuted on unrelated drug charges.  Defense counsel explained it was her understanding that Plaintiff was released shortly after being arrested.  Because it was not clear whether Plaintiff was in continuous custody after his arrest on the alleged incident at issue, the Court asked the parties address whether Plaintiff was in continuous custody after his arrest on the alleged incident, and if so, whether section 352.1 applies to pre-trial detainees.

In his response, Plaintiff does not address whether he continued to remain incarcerated after his initial arrest arising out of the alleged incident in March 2018 but argues, as he did before, that he was incarcerated in May 2018 and released in June 2020; therefore section 352.1 applies to toll the statute of limitations during his time period. (Dkt. No. 52 at 5.) In reply, Defendant provides court records of his criminal arrest and booking record on the alleged incident which shows that Plaintiff was arrested on March 8, 2018 and released on bond on March 10, 2018. (Dkt. No. 53-1, D's RJN[2], Exs. A, B.) Plaintiff was not in continuous custody upon his arrest on March 8, 2018 through June 2020.

The case of *Shaw* is on point. There, the plaintiff was arrested by Sheriff's on April 5, 2014, detained overnight, and released the next day. *Shaw v. Sacramento County Sheriff's Dep't.*, 810 Fed. App'x 553 (9th Cir. 2020). The Ninth Circuit found that the "district court correctly held that tolling was not available under California Code of Civil Procedure section 352.1, which tolls the statute of limitations during the time 'a person' is 'imprisoned on a criminal charge.'" *Id.* at 554. Similarly, in this case, Plaintiff was arrested on March 8, 2018 and released two days later on March 10, 2022. Therefore, Plaintiff has failed to allege statutory tolling under section 352.1.

### 2.  Equitable Tolling

Next, Plaintiff alleges "tolling" from June 23, 2018 to December 31, 2018 during the period he suffered a stroke, was hospitalized and received rehabilitative treatment. (*Id.* ¶¶ 12-15.) Defendant does not directly challenge tolling during this period but instead argues that, even if this period was tolled, the complaint is still untimely. Using the alleged incident of March 8, 2018 stated in Plaintiff's Government Claims Act claim,

---

[2] The Court grants Defendant's request for judicial notice of the court records of Plaintiff's criminal case and the booking record for Plaintiff's arrest by the San Diego Sheriff's Department, (Dkt. Nos. 53-1; 53-2). *See Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160–61 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records, pleadings."); *Serrano v. Hill*, No. CV 12-10956-VBF, 2014 WL 3101367, at *4 (C.D. Cal. Feb. 18, 2014) (noticing booking record).

1  107 days passed until Plaintiff's stroke occurred on June 23, 2018.  Then the statute of
2  limitations began running on January 1, 2019 and 646 days passed until he filed his
3  complaint on October 8, 2020.  Therefore, a total of 753 days passed, which is a period of
4  2 years and 23 days making Plaintiff's complaint untimely.

5        Finally, Plaintiff alleges that the twenty-four months he mistakenly believed he had
6  to file a complaint from January 1, 2019 should be equitably tolled.  (Dkt. No. 45, TAC
7  ¶¶ 16-18.)  Plaintiff also claims that that it was not until after his release in July 2020 that
8  he was able to sit and meet, presumably with counsel, to provide the necessary
9  information to file a complaint.  (*Id.* ¶ 108.)

10        Equitable tolling is a judge-made doctrine that permits tolling of the limitations
11  period "to prevent the unjust technical forfeiture of causes of action, where the defendant
12  would suffer no prejudice." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 270 (2003).  Under
13  California law, equitable tolling "relieves a plaintiff from the bar of a limitations statute
14  when, possessing several legal remedies he, reasonably and in good faith, pursues one
15  designed to lessen the extent of his injuries or damage." *Addison v. State of California*,
16  21 Cal. 3d 313, 317 (1978) (filing of a federal district court action equitably tolled the
17  running of the six-month statute of limitations within which to bring suit against the
18  public entity in state court for same injuries).  The "long settled rule [in California is] that
19  whenever exhaustion of administrative remedies is a prerequisite to a civil action the
20  running of the limitations period is suspended during the administrative proceedings." *Id.*
21  at 318.

22        Equitable tolling is appropriate where the record shows "(1) timely notice to the
23  defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence
24  to defend against the second claim; and, (3) good faith and reasonable conduct by the
25  plaintiff in filing the second claim." *Daviton v. Columbia/HCA Healthcare Corp.*, 241
26  F.3d 1131, 1137-38 (9th Cir. 2001) (quoting *Collier v. City of Pasadena*, 142 Cal. App.
27  3d 917 (1983)).  "Application of California's equitable tolling doctrine requires a
28  balancing of the injustice to the plaintiff occasioned by the bar of his claim against the

effect upon the important public interest or policy expressed by the . . . limitations statute." *Jones,* 393 F.3d at 928 (internal quotations omitted).  "The burden of alleging facts which would give rise to tolling falls upon the plaintiff."  *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993)

On the first factor, a plaintiff must provide "timely notice to the defendant in filing the first claim." *Collier*, 142 Cal. App. 3d at 924.  "The timely notice requirement essentially means that the first claim must have been filed within the statutory period." *Id.; see Addison*, 21 Cal. 3d at 321 ("As we have noted, plaintiffs filed their state court action within nine months after their right to sue arose and by reason of the federal suit, defendants were fully notified within the six-month statutory period of plaintiffs' claims and their intent to litigate.").  "When considering whether a plaintiff provided timely notice, courts focus on whether the party's actions caused the defendant to be 'fully notified within the [statute of limitations] of plaintiffs' claims and their intent to litigate.'" *Saint Francis Mem'l Hosp. v. State Dep't of Public Health*, 9 Cal. 5th 710, 726 (2020) (quoting *Addison,* 21 Cal. 3d at 321).  "Federal and California courts have uniformly held, as the court does so here, that the element of timely notice is *not* satisfied when the same claim brought previously in another proceeding was deemed to be untimely." *Honchariw v. Cnty. of Stanislaus*, 530 F. Supp. 3d 939, 950 (E.D. Cal. 2021) (emphasis in original) (citing cases).

Plaintiff alleges in the TAC and summarily argues in his opposition, that the County had timely notice of this suit when his claim was denied in January 2019.  (Dkt. No. 45, TAC ¶¶ 23, 24; Dkt. No. 48 at 15.)  However, that is not sufficient; he must also allege that "the first claim must have been filed within the statutory period." *See Collier*, 142 Cal. App. 3d at 924.

Here, on January 18, 2019[3], Plaintiff filed a Government Claims Act claim and a related petition for leave to submit a late claim under Government Code section 911.4. (Dkt. No. 8-3, Osborn Decl., Ex. A.) On January 25, 2019, the claim was denied as untimely because it was not presented within six months of the alleged accrual date and the application to submit a late claim was denied because the reasons for the late request were not justified. (*Id.*, Ex. B.) Because the first claim was deemed to be untimely, Plaintiff has not alleged the first factor to support equitable tolling of "timely notice" to the defendant. *See Honchariw*, 530 F. Supp. 3d at 950.

On the second factor, Plaintiff asserts that the County will not be prejudiced because it had sufficient notice that this case would be filed when the Government Claim was denied on January 25, 2019. (Dkt. No. 45, TAC ¶ 24.) Defendant contends that it would be prejudiced to defend against a claim now over four years after the alleged incident. (Dkt. No. 46-1 at 12.)

The second prejudice factor asks "whether application of equitable tolling would prevent the defendant from defending a claim on the merits." *Saint Francis Mem'l Hosp.*, 9 Cal. 5th at 728. "It is fundamental that the primary purpose of statutes of limitation is to prevent the assertion of stale claims by plaintiffs who have failed to file their action until evidence is no longer fresh and witnesses are no longer available." *Addison,* 21 Cal. 3d at 317, 319 (no prejudice shown because the state court action was filed within one week of the dismissal of the federal case). In *Saint Francis*, the court found that the defendant was not prejudiced because it had defended the claim during the administrative proceedings. *Saint Francis Mem'l Hosp.*, 9 Cal. 5th at 728. Here, unlike the defendant in *Saint Francis*, Defendant has not yet defended against Plaintiff's claims and not engaged in any discovery related to any administrative proceeding. Therefore,

---

[3] The Government Claim form was signed by counsel on January 14, 2019 but filed with the County on January 18, 2019. (Dkt. No. 8-3, Osborn Decl., Ex. A.)

the Court concludes that the County has been prejudiced since over four years have passed since the alleged incident and evidence is no longer fresh.

Finally, in the TAC, Plaintiff alleges he acted reasonably and in good faith because he was mistaken on how to calculate the statute of limitation and he filed the complaint shortly upon his release from incarceration when he was able to sit and meet, presumably with counsel, and provide the necessary information to file a complaint. (Dkt. No. 45, TAC ¶¶ 18, 24, 107-08.) Defendant, relying primarily on federal law, argues these reasons are not extraordinary circumstances justifying equitable tolling because attorney negligence and legal errors concerning deadlines are not a basis for equitable tolling. (Dkt. No. 49 at 3-4.) However, equitable tolling under federal law and California state law is distinct, *Saint Francis Mem'l Hosp. v. State Dep't of Public Health*, 59 Cal. App. 5th 965, 980 (2021) ("equitable tolling under federal common law has different elements than that under California common law"), and "extraordinary circumstance" is not an element of equitable tolling under California law.[4]

Neither party has addressed the relevant legal standard on the third factor. The California Supreme Court recently held that the third factor, whether the plaintiff acted reasonably and good faith, involves two distinct inquiries. *Saint Francis Mem'l Hosp.*, 9 Cal. 5th at 729. "A plaintiff's conduct must be objectively reasonable and subjectively in good faith." *Id.* "An analysis of reasonableness focuses not on a party's intentions or the motives behind a party's actions, but instead on whether that party's actions were fair, proper, and sensible in light of the circumstances." *Id.* Second, whether a party's late filing was subjectively in good faith requires an inquiring into "whether it was the result of an honest mistake or was instead motivated by a dishonest purpose." *Id.*

On subjective good faith, there is no indication, and Defendant has not argued, that the delay in filing the complaint was due to bad faith; therefore, this element has been

---

[4] The Court notes that Plaintiff also improperly relies on federal law arguing "extraordinary circumstances" in his supplemental opposition. (Dkt. No. 52 at 5-6.)

met. The Court now looks at whether plaintiff or his counsel's conduct was objectively unreasonable.

In *Saint Francis Mem'l Hosp,* the California Supreme Court remanded the case to the court of appeal to determine whether plaintiff's actions were reasonable and in good faith. *See* 9 Cal. 5th at 730. On remand, the defendant conceded that the plaintiff acted in subjective good faith, *Saint Francis Mem'l Hosp*., 59 Cal. App. 5th at 975, and the court of appeal, applying the standard articulated by the California Supreme Court, found that that plaintiff's counsel's legal mistake in calculating the statute of limitations was not objectively reasonable. *Id.* at 981 ("Counsel's mistake here was different, because it lay in missing the significance of the decision's statement that the decision was effective immediately, missing the statutory language saying that reconsideration is unavailable for decisions that are effective immediately, and not extrapolating from these circumstances that the deadline to seek judicial review began running immediately.").

Similar to the facts in *Saint Francis Mem'l Hosp*, because Plaintiff was represented by counsel, the Court looks at whether Plaintiff's counsel acted reasonably and in good faith. *See Saint Francis Mem'l Hosp*., 59 Cal. App. 5th 965, 977 (2021) ("in assessing whether Saint Francis acted reasonably, we take into account that it was represented by counsel throughout the proceedings") (*citing Collier*, 142 Cal. App. 3d at 931 ("By implication it likewise requires that Collier's lawyers have acted reasonably and in good faith since they made most of the decisions about whether and what to file.")). The court of appeal emphasized that excusable neglect, when attorney mistakenly calculated the deadline, does render the mistake objectively reasonable sufficient to justify equitable tolling. *Id.* at 982.

First, a mistake in determining the statute of limitations deadline is not objectively reasonable. *See id.* Next, on the argument that Plaintiff was not able to assist counsel due to his "disability" until after he was released from incarceration is in conflict with the Government Claim form filed by his counsel on January 18, 2019. (*See* Dkt. No. 8-3, Osborn Decl., Ex. A.) In January 2019, Plaintiff's counsel filed a Government Claim

form and asserted that Plaintiff planned to pursue causes of action for "assault, battery, unfair business practices, harassment, discrimination and various violations against San Diego County including but not limited to negligent hiring and negligent supervision." (*Id.*, Ex. A at 7.)  Plaintiff's counsel was apprised of the causes of action no later than January 18, 2019 but did not file a complaint in this Court until October 8, 2020. Therefore, Plaintiff's alleged disability did not prevent him from informing counsel about the facts underlying his causes of action in January 2019.  Thus, the Court concludes that Plaintiff's counsel's actions were not proper and sensible in light of the circumstances and his conduct in the filing of a late complaint on October 8, 2020 was not objectively reasonable. *See Saint Francis Mem'l Hosp.*, 9 Cal. 5th at 729.  Therefore, Plaintiff has not shown that his or his counsel's conduct was objectively reasonable.

On all three of the relevant factors considered above, Plaintiff has failed to show or allege equitable tolling sufficient to make his complaint timely.  *See Fanucci v. Allstate Ins. Co.,* 638 F. Supp. 2d 1125, 1137 (N.D. Cal. 2009) (the plaintiff must allege and show that equitable tolling is appropriate).

Accordingly, the Court GRANTS Defendant's motion to dismiss the federal claim for race discrimination under 42 U.S.C. § 1983/42 U.S.C. § 2000d as time barred.  As such, the Court need not consider whether Plaintiff has stated a claim under Rule 12(b)(6).  Further, the Court DENIES the County's motion to dismiss the Doe Defendants as moot.

C.   **Leave to Amend**

Plaintiff seeks leave to amend in the event the Court dismisses the TAC.  (Dkt. No. 48 at 20.)  However, the Court has already provided Plaintiff with guidance on how to cure the deficiencies in his prior complaints on two occasions as well as permitted supplemental briefing on the instant motion.  In its prior order, the Court granted him one final opportunity to amend. (Dkt. No. 44 at 21.)  Therefore, because Plaintiff was not able to cure the deficiencies, the Court DENIES Plaintiffs' request for leave to amend. / / /

**Conclusion**

Based on the above, the Court GRANTS Defendant's motion to dismiss the third amended complaint solely as to County of San Diego without leave to amend and DENIES the County's motion to dismiss Doe Defendants as moot. The hearing set on August 15, 2022 shall be **vacated.**

The Court also sets an ORDER TO SHOW CAUSE why the case should not be dismissed as to Defendants San Diego Police Department, City of San Diego and Alpine Sheriff's Department for failing to serve under Rule 4(m) and failure to prosecute on **August 26, 2022 at 1:30 p.m.** in Courtroom 2D. Plaintiff shall file a response on or before **August 19, 2022.**

IT IS SO ORDERED.

Dated: August 2, 2022

Hon. Gonzalo P. Curiel
United States District Judge